■ In the Matter of VERONICA MUTH, Respondent, v RICHARD I. SCHEYER et al., Appellants. [857 NYS2d 706]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Islip dated October 17, 2005, which, after a hearing, denied the petitioner's application for area variances, the appeal is from a judgment of the Supreme Court, Suffolk County (Emerson, J.), entered January 22, 2007, which granted the petition, annulled the determination, and directed that the variances be granted.

Ordered that the judgment is reversed, on the law, with costs, the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits.

In determining whether to grant an area variance, a zoning board must engage in a balancing test weighing the benefit to the applicant against the detriment to the health, safety, and welfare of the neighborhood or community (see Town Law § 267-b [3] [b]; Matter of Sasso v Osgood, 86 NY2d 374, 384 [1995]). The zoning board must also consider whether (1) an undesirable change will be produced in the character of the neighborhood or a detriment to nearby properties will be created by the granting of the area variance, (2) the benefit sought by the applicant can be achieved by some method, feasible for the applicant to pursue, other than an area variance, (3) the requested area variance is substantial, (4) the proposed variance will have an adverse effect or impact on the physical or environmental conditions in the neighborhood or district if it is granted, and (5) the alleged difficulty was self-created (see Town Law § 267-b [3] [b]; Matter of Sasso v Osgood, 86 NY2d 374, 384 [1995]).

"The judicial responsibility is to review zoning decisions but not, absent proof of arbitrary and unreasonable action, to make them" (Matter of Cowan v Kern, 41 NY2d 591, 599 [1977]; Matter of Merlotto v Town of Patterson Zoning Bd. of Appeals, 43 AD3d 926 [2007]). Upon judicial review, the general rule is that, absent evidence of illegality, a court must sustain the determination if it has a rational basis in the record before the zoning board (see Matter of Pecoraro v Board of Appeals of Town of Hempstead, 2 NY3d 608, 613 [2004]; Matter of Ifrah v Utschig, 98 NY2d 304, 308 [2002]; Matter of Sasso v Osgood, 86 NY2d at 384).

Here, the Zoning Board of Appeals of the Town of Islip (hereinafter the Board) engaged in the required balancing test and

considered the relevant statutory factors. Contrary to the petitioner's contentions, the denial of the application for an area variance had a rational basis and was not arbitrary or capricious. The requested variances were substantial and, because of the location and shape of the subject real property and the variances previously granted for the existing structures, approval of additional variances would have had a detrimental effect on the character of the neighborhood (*see Matter of Cowan v Kern*, 41 NY2d at 596; *Matter of Kraut v Board of Appeals of Vil. of Scarsdale*, 43 AD3d 923, 924 [2007]). Moreover, the Board provided a rational explanation for reaching a result in the instant matter different from a prior determination granting area variances for lots in another subdivision across the street from the subject property (*see Matter of Berk v McMahon*, 29 AD3d 902, 903 [2006]). Accordingly, the Supreme Court should have denied the petition and dismissed the proceeding on the merits. Mastro, J.P., Ritter, Carni and McCarthy, JJ., concur.