■ In the Matter of JOHN CELENTANO et al., Appellants, v BOARD OF ZONING APPEALS OF TOWN OF BROOKHAVEN et al., Respondents. [882 NYS2d 448]—In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Zoning Appeals of Town of Brookhaven dated June 29, 2007, which, after a hearing, granted the application of Joan C. Dochtermann for area variances, the petitioners appeal from a judgment of the Supreme Court, Suffolk County (Rebolini, J.), dated December 7, 2007, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

Local zoning boards are vested with broad discretion in considering applications for area variances, and judicial review is limited to determining whether the action taken by the board was illegal, arbitrary and capricious, or an abuse of discretion (*see Matter of Pecoraro v Board of Appeals of Town of Hempstead,* 2 NY3d 608, 613 [2004]; *Matter of Ifrah v Utschig,* 98 NY2d 304, 308 [2002]). Thus, a determination of a zoning board should be sustained if it has a rational basis and is not arbitrary and capricious (*see Matter of Sasso v Osgood,* 86 NY2d 374, 384 [1995]; *Matter of Halperin v City of New Rochelle,* 24 AD3d 768, 770-771 [2005]).

In determining whether to grant an application for an area variance, a zoning board must consider whether (1) an undesirable change will be produced in the character of the neighborhood or a detriment to nearby properties if the area variance is granted, (2) the benefit sought by the applicant can be achieved by some method, feasible to the applicant, other than an area variance, (3) the required area variance is substantial, (4) the proposed variance will have an adverse effect or impact on physical or environmental conditions in the neighborhood or district if it is granted, and (5) the alleged difficulty was self-created (*see* Town Law § 267-b [3] [b]; *Matter of Sasso v Osgood,* 86 NY2d at 382).

Here, the Board of Zoning Appeals of the Town of Brookhaven engaged in the required balancing test, and its determination to grant the area variances had a rational basis and was not arbitrary and capricious (*see Matter of Filangeri v Foster,* 257 AD2d 895, 897 [1999]; *Matter of Riklis v Board of Zoning Appeals of Town of Hempstead,* 243 AD2d 482 [1997]). Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding. Fisher, J.P., Florio, Covello and Dickerson, JJ., concur.