In the Matter of DENNIS P. BRADY et al., Respondents, v TOWN OF ISLIP ZONING BOARD OF APPEALS et al., Appellants. [886 NYS2d 465]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Town of Islip Zoning Board of Appeals dated April 17, 2007, which, after a hearing, denied the petitioners' application for an area variance, the appeal is from a judgment of the Supreme Court, Suffolk County (Baisley, J.), dated March 31, 2008, which granted the petition, annulled the determina-

tion, and remitted the matter to the Town of Islip Zoning Board of Appeals for issuance of the requested area variance.

Ordered that the judgment is reversed, on the law, with costs, the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits.

In May 2004 the petitioners purchased a 10,000-square-foot parcel of real property (hereinafter the parcel) in the community of Seaview, on Fire Island, in the Town of Islip. The area in which the parcel is located contains no roads for cars, but only "walks." The zoning ordinance of the Town of Islip prohibits in-ground swimming pools in the relevant zoning district (*see* Town of Islip Town Code § 68-149.1 [A]), and limits above-ground swimming pools to lots of 12,000 square feet or larger (*see* Town of Islip Town Code § 68-149.1 [C]). Prior to December 12, 2006, the ordinance provided for a renewable temporary special exception that enabled a person with a specified neurological or muscular disease to erect and maintain an above-ground swimming pool for five years where the lot was less than 12,000 square feet (*see* Town of Islip Town Code former § 68-149.2). Effective December 12, 2006, the Town of Islip Town Board (hereinafter the Town Board) repealed the section allowing for a special exception, and, at the same time, added subdivision (D) to Town of Islip Town Code § 68-149.1, which provides that "[a]boveground swimming pools shall be permitted as an accessory use on a parcel of land having less than 12,000 square feet only after application is made to and granted by the Islip Town Zoning Board of Appeals."

On December 18, 2006, the petitioners applied for a building permit to construct, inter alia, a 12-foot by 30-foot above-ground swimming pool on their 10,000-square-foot lot. After the building permit was denied, the petitioners filed an application with the Town of Islip Zoning Board of Appeals (hereinafter the ZBA) seeking an area variance. The application attracted much public opposition and, after a public hearing, it was denied. The petitioners then commenced this proceeding pursuant to CPLR article 78. The Supreme Court determined that the ZBA's determination was arbitrary and capricious, affected by an error of law, and an abuse of discretion. Consequently, the court granted the petition and remitted the matter to the ZBA to issue the requested variance. We reverse.

"The judicial responsibility is to review zoning decisions but not, absent proof of arbitrary and unreasonable action, to make them" (*Matter of Cowan v Kern,* 41 NY2d 591, 599 [1977]; *see Matter of Muth v Scheyer,* 51 AD3d 799 [2008]; *Matter of Merlotto v Town of Patterson Zoning Bd. of Appeals,* 43 AD3d

926, 928 [2007]). Upon judicial review, the general rule is that, absent evidence of illegality, a court must sustain the determination if it has a rational basis in the record before the zoning board (*see Matter of Pecoraro v Board of Appeals of Town of Hempstead,* 2 NY3d 608, 613 [2004]; *Matter of Inlet Homes Corp. v Zoning Bd. of Appeals of Town of Hempstead,* 2 NY3d 769, 770 [2004]; *Matter of Ifrah v Utschig,* 98 NY2d 304, 308 [2002]; *Matter of Twin County Recycling Corp. v Yevoli,* 90 NY2d 1000, 1002 [1997]; *see also Matter of Gebbie v Mammina,* 13 NY3d 728 [2009]).

We disagree with the Supreme Court's conclusion that when the Town Board repealed the temporary special exception, it signaled a relaxation of the law with respect to above-ground swimming pools on substandard lots. As the Supreme Court observed, the addition of Town Code § 68-149.1 (D) merely codified, in the local law, the authority of the ZBA to grant area variances, a power it already held under Town Law § 267-b (3). Therefore, the only change in the law was to eliminate the special exception.

"Unlike a variance which gives permission to an owner to use property in a manner inconsistent with a local zoning ordinance, a special exception gives permission to use property in a way that is consistent with the zoning ordinance, although not necessarily allowed as of right" (*Matter of Retail Prop. Trust v Board of Zoning Appeals of Town of Hempstead,* 98 NY2d 190, 195 [2002]; *see Matter of North Shore Steak House v Board of Appeals of Inc. Vil. of Thomaston,* 30 NY2d 238, 243 [1972]). "The inclusion of the permitted use in the ordinance is tantamount to a legislative finding that the permitted use is in harmony with the general zoning plan and will not adversely affect the neighborhood" (*Matter of North Shore Steak House v Board of Appeals of Inc. Vil. of Thomaston,* 30 NY2d 238, 243 [1972]; *see Matter of Retail Prop. Trust v Board of Zoning Appeals of Town of Hempstead,* 98 NY2d 190, 195 [2002]). By removing the sole special exception applicable to above-ground swimming pools on Fire Island, the Town Board signaled that no swimming pool on a lot smaller than 12,000 square feet was consistent with the general zoning plan.

In determining whether to grant an area variance, a zoning board must consider whether (1) an undesirable change will be produced in the character of the neighborhood or a detriment to nearby properties will be created by the granting of the area variance, (2) the benefit sought by the applicant can be achieved by some method, feasible for the applicant to pursue, other than an area variance, (3) the requested area variance is substantial,

(4) the proposed variance will have an adverse effect or impact on the physical or environmental conditions in the neighborhood or district if it is granted, and (5) the alleged difficulty was self-created (*see* Town Law § 267-b [3] [b]).

Here, the ZBA properly applied the required balancing test and considered the relevant statutory factors. Contrary to the determination of the Supreme Court, the denial of the application for an area variance had a rational basis and was not arbitrary or capricious. The evidence before the ZBA established that there were no swimming pools on substandard lots within 600 feet of the petitioners' property. Moreover, within the relevant community of approximately 300 homes, there were only seven permanent above-ground swimming pools on substandard lots. Four of those predated the zoning regulations, one was on a lot that was 11,645 square feet, and only two were allowed by variance. Contrary to the petitioners' contention, the ZBA's granting of the two variances, neither of which involved lots that were near the subject property, did not constitute a precedent from which the ZBA was required to explain a departure (*cf. Matter of Tall Trees Constr. Corp. v Zoning Bd. of Appeals of Town of Huntington* , 97 NY2d 86, 93 [2001]). The petitioners failed to establish that either case in which a variance was granted bore sufficient factual similarity to the subject application so as to warrant an explanation from the ZBA (*see Matter of Conversions for Real Estate, LLC v Zoning Bd. of Appeals of Inc. Vil. of Roslyn,* 31 AD3d 635, 636 [2006]; *Matter of Spandorf v Board of Appeals of Vil. of E. Hills,* 167 AD2d 546, 547 [1990]).

Finally, the Supreme Court concluded that, since the petitioners' proposed pool satisfied the setback requirement articulated in the Town of Islip Town Code, the petitioners' proposed pool would have no greater impact on the community than a swimming pool on a standard sized lot. However, the degree of setback alone does not determine the impact to nearby properties. To hold otherwise would render meaningless the Town Board's legislative decision to limit above-ground swimming pools as of right to lots not less than 12,000 square feet. Considering the unique nature of the Fire Island community, the ZBA's determination that the proposed pool would constitute an overintensification of the development on the property and produce an undesirable change in the neighborhood was not irrational. Spolzino, J.P., Santucci, Florio and Lott, JJ., concur.