In the Matter of STANLEY KING et al., Respondents, v TOWN OF ISLIP ZONING BOARD OF APPEALS et al., Appellants. [892 NYS2d 174]—

In January 1991 the petitioners purchased an 8,400-square-foot parcel of real property (hereinafter the subject property) in the community of Seaview, on Fire Island, in the Town of Islip. The area in which the subject property is located is on a "barrier beach" (Town of Islip Town Code § 68-135 [A]), and contains no roads or cars but, rather, in the words of the appel-

lants, "mostly beaches, bay and sand." The Town of Islip Town Code prohibits in-ground swimming pools in the relevant zoning district (*see* Town of Islip Town Code § 68-149.1 [A]), and provides that above-ground swimming pools may only be installed on lots that are 12,000 square feet or larger (*see* Town of Islip Town Code § 68-149.1 [C] [1]). It is undisputed that these limitations were in place well before the petitioners purchased the subject property. Additionally, prior to December 12, 2006, the Town of Islip Zoning Code provided for a renewable temporary special exception applicable to parcels less than 12,000 square feet, which permitted persons with neurological or muscular diseases to erect and maintain above-ground swimming pools for physical therapy purposes (*see* Town of Islip Town Code former § 68-149.2). The Town of Islip Town Board (hereinafter the Town Board) repealed the exception, effective December 12, 2006, signaling that no swimming pool on a lot smaller than 12,000 square feet was consistent with the general zoning plan (*see Matter of Brady v Town of Islip Zoning Bd. of Appeals*, 65 AD3d 1337 [2009]).

The petitioners applied for a building permit to construct an above-ground swimming pool on the subject property. After the permit application was denied, they filed an application with the Zoning Board of Appeals of the Town of Islip (hereinafter ZBA), seeking an area variance. This application was denied after a hearing at which several community members voiced their opposition. The petitioners then commenced this proceeding pursuant to CPLR article 78 to review the ZBA's determination.

The Supreme Court granted the petition on the ground that there was "existing judicial authority" that the ZBA had acted in a manner that was arbitrary and capricious, affected by an error of law, and an abuse of discretion. The court relied on the determination of another Justice of the Supreme Court in *Matter of Brady v Town of Islip Zoning Bd. of Appeals* (Sup Ct, Suffolk County, Mar. 31, 2008, Baisley, J., index No. 13449/07), who concluded that the ZBA had improperly denied an area variance for a proposed swimming pool on a lot of 10,000 square feet.

The Supreme Court erred in concluding that there had already been a judicial determination that the ZBA acted in an arbitrary and capricious manner. Although the instant application and the application in *Matter of Brady* involve similar issues, they are discrete applications relating to separate parcels, involving different property owners, for which the ZBA held separate hearings and issued independent determinations. Accordingly, prior to the judgment appealed from, there had been no judicial review of the ZBA's determination denying the

petitioners' application for an area variance. In any event, this Court eventually reversed the judgment in *Matter of Brady,* and determined that the ZBA's denial of an application for an area variance to construct a 12-foot by 30-foot above-ground swimming pool on a 10,000-square-foot lot was not arbitrary and capricious (*see Matter of Brady v Town of Islip Zoning Bd. of Appeals,* 65 AD3d 1337 [2009]).

As to the merits, "[j]udicial review of a determination denying an area variance is limited to determining whether the action taken by the zoning board was illegal, arbitrary, or an abuse of discretion" (*Matter of Genser v Board of Zoning & Appeals of Town of N. Hempstead,* 65 AD3d 1144, 1146-1147 [2009]; *see* CPLR 7803 [3]; *Matter of Halperin v City of New Rochelle,* 24 AD3d 768, 770-771 [2005]). "Thus, the determination of a zoning board should be sustained upon judicial review if it has a rational basis and is not arbitrary and capricious" (*Matter of Genser v Board of Zoning & Appeals of Town of N. Hempstead,* 65 AD3d at 1147; *see Matter of Sasso v Osgood,* 86 NY2d 374, 384 [1995]; *Matter of Pasceri v Gabriele,* 29 AD3d 805, 806 [2006]). "In applying the balancing test set forth in Town Law § 267-b (3) (b), the Zoning Board is 'not required to justify its determination with supporting evidence with respect to each of the five [statutory] factors, so long as its ultimate determination balancing the relevant considerations was rational'" (*Matter of Genser v Board of Zoning & Appeals of Town of N. Hempstead,* 65 AD3d at 1147, quoting *Matter of Merlotto v Town of Patterson Zoning Bd. of Appeals,* 43 AD3d 926, 929 [2007]).

Here, contrary to the conclusion reached by the Supreme Court, the ZBA's determination, based on its application of the balancing test and consideration of the relevant factors set forth in Town Law § 267-b (3) (b), had a rational basis and was not arbitrary and capricious. The evidence before the ZBA supported the rational conclusion that granting the proposed variance would produce an undesirable change in the character of the neighborhood or a detriment to nearby properties (*see* Town Law § 267-b [3] [b] [1]). Additionally, the ZBA " 'was entitled to consider the effect its decision would have as precedent' " (*Matter of Genser v Board of Zoning & Appeals of Town of N. Hempstead,* 65 AD3d at 1147, quoting *Matter of Gallo v Rosell,* 52 AD3d 514, 516 [2008]). Moreover, the ZBA's conclusion that the variance was "substantial" was rationally based (*see* Town Law § 267-b [3] [b] [3]). Further, the conclusion of the ZBA that any hardship was self-created was rationally based (*see* Town Law § 267-b [3] [b] [5]). The petitioners' primary argument was that, because the proposed pool would meet the relevant prop-

erty setback requirements, it would have no greater impact than would a pool on a standard lot. However, the ZBA properly rejected this argument, as granting the application on this basis alone would render meaningless the Town Board's legislative decision to limit above-ground swimming pools as of right to lots not less than 12,000 square feet (*see Matter of Brady v Town of Islip Zoning Bd. of Appeals*, 65 AD3d 1337 [2009]). Thus, the Supreme Court improperly annulled the ZBA's determination denying the variance. Fisher, J.P., Angiolillo, Dickerson and Leventhal, JJ., concur.