■ In the Matter of Christopher Moore, Appellant, v Town of Islip Zoning Board of Appeals, Respondent. [895 NYS2d 188]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Town of Islip Zoning Board of Appeals dated January 30, 2007, which, after a hearing, denied the petitioner's application for an area variance, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Kerins, J.), entered July 9, 2008, which, upon a decision of the same court entered January 31, 2008, denied the petition and, in effect, dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

Local zoning boards have broad discretion in considering applications for variances, and judicial review is limited to determining whether the action taken by the board was illegal, arbitrary and capricious, or an abuse of discretion (*see Matter of Ifrah v Utschig*, 98 NY2d 304, 308 [2002]; *Matter of Gallo v Rosell*, 52 AD3d 514, 515 [2008]). Thus, the determination of a zoning board should be sustained upon judicial review if it is not illegal, is not arbitrary and capricious, and has a rational basis (*see Matter of Sasso v Osgood*, 86 NY2d 374, 384 [1995]; *Matter of Gallo v Rosell*, 52 AD3d at 515).

In determining whether to grant an area variance, a zoning board must engage in a balancing test weighing the benefit to the applicant against the detriment to the health, safety, and welfare of the neighborhood or community in which the subject property is situated (*see* Town Law § 267-b [3] [b]; *Matter of Ifrah v Utschig*, 98 NY2d at 307-308). In applying that balancing test, the zoning board must consider whether (1) an undesirable change will be produced in the character of the neighborhood or a detriment to nearby properties will be created by the granting of the area variance, (2) the benefit sought by the applicant can be achieved by some method, feasible for the applicant to pursue, other than an area variance, (3) the requested

area variance is substantial, (4) the proposed variance will have an adverse effect or impact on the physical or environmental conditions in the neighborhood or district if it is granted, and (5) the alleged difficulty was self-created (*see* Town Law § 267-b [3] [b]).

Here, the Town of Islip Zoning Board of Appeals (hereinafter the ZBA) weighed the relevant statutory factors, and its determination was not illegal, not irrational, and not arbitrary and capricious.

There is no merit to the petitioner's contention that the ZBA granted prior applications on essentially the same facts, but did not explain its reasons for not following its own precedent. Although a determination of an administrative agency is arbitrary and capricious when the agency does not adhere to its prior precedent and fails to set forth its reasons for reaching a different result on essentially the same facts (*see Matter of Tall Trees Constr. Corp. v Zoning Bd. of Appeals of Town of Huntington*, 97 NY2d 86, 93 [2001]; *Matter of Kaufman v Incorporated Vil. of Kings Point*, 52 AD3d 604, 609 [2008]; *Matter of Conversions for Real Estate, LLC v Zoning Bd. of Appeals of Inc. Vil. of Roslyn*, 31 AD3d 635, 636 [2006]), the petitioner failed to show that there were any prior ZBA determinations with sufficient factual similarity to his application as to warrant an explanation from the ZBA.

Further, there is no merit to the petitioner's remaining contentions that the ZBA violated the Open Meetings Law (*see* Public Officers Law § 100 *et seq.*), and that the ZBA "sanctioned" the creation of the petitioner's lot by its conduct (*cf. Matter of Shaughessy v Roth*, 204 AD2d 333 [1994]; *Matter of Lund v Edwards*, 118 AD2d 574 [1986]).

Accordingly, the Supreme Court properly denied the petition and, in effect, dismissed the proceeding. Skelos, J.P., Covello, Balkin and Austin, JJ., concur.