In the Matter of AUGUSTA KAISER et al., Respondents, v TOWN OF ISLIP ZONING BOARD OF APPEALS et al., Appellants. [904 NYS2d 166]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Town of Islip Zoning Board of Appeals dated May 16, 2007, which, after a hearing, denied the petitioners' application for area variances, the appeal is from a judgment of the Supreme Court, Suffolk County (Costello, J.), dated April 20, 2009, which, upon a decision of the same court dated March 3, 2009, granted the petition, annulled the determination, and remitted the matter to the Town of Islip Zoning Board of Appeals to grant the variances.

Ordered that the judgment is reversed, on the law, with costs, the petition is denied, the determination is confirmed, and the proceeding is dismissed on the merits.

In 2000 the petitioners purchased a 10,000-square-foot parcel of real property in the community of Seaview, on Fire Island, in the Town of Islip. The Town of Islip Town Code prohibits in-ground swimming pools in the relevant zoning district (see Town of Islip Town Code § 68-149.1 [A]), and provides that above-ground swimming pools may only be installed on lots that are 12,000 square feet or larger (see Town of Islip Town Code § 68-149.1 [C] [1]). Additionally, prior to December 12, 2006, the

Town of Islip Zoning Code provided for a renewable temporary special exception applicable to parcels less than 12,000 square feet, which permitted persons with certain medical conditions to erect and maintain above-ground swimming pools for physical therapy purposes (*see* Town of Islip Town Code former § 68-149.2). The Town of Islip Town Board (hereinafter the Town Board) repealed the exception, effective December 12, 2006, signaling that no swimming pool on a lot smaller than 12,000 square feet was consistent with the general zoning plan (*see* Town of Islip Town Code § 68-149.1 [D]; *Matter of Brady v Town of Islip Zoning Bd. of Appeals*, 65 AD3d 1337, 1339 [2009]).

The petitioners applied for a building permit for the purpose of, inter alia, constructing an above-ground swimming pool with decking. After that permit was denied, the petitioners filed an application with the Town of Islip Zoning Board of Appeals (hereinafter the ZBA), seeking an area variance permitting them to construct the pool on a lot with an area of 10,000 square feet, rather than the required 12,000 square feet. The petitioners also sought a rear yard setback variance of 21.5 feet. After a hearing, the ZBA denied the application.

The petitioners then commenced this proceeding pursuant to CPLR article 78 to review the determination. The Supreme Court determined that the ZBA's determination was arbitrary and capricious, and not consistent with the ZBA's prior precedent. Consequently, the Supreme Court granted the petition, annulled the determination, and remitted the matter to the ZBA to grant the requested variances. We reverse.

"The judicial responsibility is to review zoning decisions but not, absent proof of arbitrary and unreasonable action; to make them" (*Matter of Cowan v Kern,* 41 NY2d 591, 599 [1977]; *see Matter of Brady v Town of Islip Zoning Bd. of Appeals*, 65 AD3d at 1338). Upon judicial review, the general rule is that, absent evidence of illegality, a court must sustain the determination if it has a rational basis in the record before the zoning board (*see Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d 608, 613 [2004]; *Matter of Ifrah v Utschig*, 98 NY2d 304, 308 [2002]; *Matter of Sasso v Osgood*, 86 NY2d 374, 384 [1995]; *Matter of Brady v Town of Islip Zoning Bd. of Appeals*, 65 AD3d at 1339; *Matter of Genser v Board of Zoning & Appeals of Town of N. Hempstead*, 65 AD3d 1144, 1146-1147 [2009]).

"In applying the balancing test set forth in Town Law § 267-b (3) (b), [a] Zoning Board is 'not required to justify its determination with supporting evidence with respect to each of the five [statutory] factors, so long as its ultimate determination balancing the relevant considerations was rational' " (*Matter of Genser*

*v Board of Zoning & Appeals of Town of N. Hempstead*, 65 AD3d at 1147, quoting *Matter of Merlotto v Town of Patterson Zoning Bd. of Appeals*, 43 AD3d 926, 929 [2007]). Here, contrary to the conclusion reached by the Supreme Court, the ZBA's determination, based on its application of the balancing test and consideration of the relevant factors set forth in Town Law § 267-b (3) (b), had a rational basis and was not arbitrary and capricious. The evidence before the ZBA supported the conclusion that granting the requested variances would produce an undesirable change in the character of the neighborhood or a detriment to nearby properties (*see* Town Law § 267-b [3] [b] [1]; *Matter of King v Town of Islip Zoning Bd. of Appeals*, 68 AD3d 1113, 1115 [2009]; *Matter of Brady v Town of Islip Zoning Bd. of Appeals*, 65 AD3d at 1340). The evidence before the ZBA established that there were no swimming pools on substandard lots within 500 feet of the petitioners' property. Moreover, within the relevant community of approximately 300 homes, only two permanent above-ground pools were granted by variance rather than the temporary special exception. Further, the conclusions of the ZBA that the variances were substantial, and that any hardship was self-created, were rationally based (*see* Town Law § 267-b [3] [b] [3], [5]).

Contrary to the petitioners' contention, the ZBA's granting of two particular prior applications for area variances for above-ground swimming pools did not constitute a precedent from which the ZBA was required to explain a departure. The petitioners failed to establish that either case bore sufficient factual similarity to the subject application so as to warrant an explanation from the ZBA (*see Matter of Brady v Town of Islip Zoning Bd. of Appeals*, 65 AD3d at 1340). Additionally, the ZBA was entitled to consider the effect its decision would have as precedent (*see Matter of King v Town of Islip Zoning Bd. of Appeals*, 68 AD3d at 1115; *Matter of Genser v Board of Zoning & Appeals of Town of N. Hempstead*, 65 AD3d at 1147).

The petitioners argued that the proposed swimming pool would have no greater impact than a swimming pool on a standard lot. However, the ZBA properly rejected this argument, as granting the petitioner's application on this basis alone would render meaningless the Town Board's legislative decision to limit above-ground swimming pools as of right to lots not less than 12,000 square feet (*see Matter of King v Town of Islip Zoning Bd. of Appeals*, 68 AD3d at 1115-1116; *Matter of Brady v Town of Islip Zoning Bd. of Appeals*, 65 AD3d at 1340). Accordingly, the Supreme Court improperly annulled the ZBA's determination denying the petitioner's application. Rivera, J.P., Covello, Balkin and Hall, JJ., concur.