In the Matter of PETER BLANDEBURGO, Respondent, v ZONING BOARD OF APPEALS OF TOWN OF ISLIP, Appellant. [972 NYS2d 693]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Islip dated December 14, 2010, which, after a hearing, denied the petitioner's application for an area variance, the Zoning Board of Appeals of the Town of Islip appeals from a judgment of the Supreme Court, Suffolk County (Rebolini, J.), dated May 1, 2012, which, upon an order of same court dated March 28, 2012, granted the petition, annulled the determination, and remitted the matter to the Zoning Board of Appeals of the Town of Islip to grant the petitioner's application for an area variance.

Ordered that the judgment is reversed, on the law, with costs, the petition is denied, the determination is confirmed, and the proceeding is dismissed on the merits.

In 2007, the petitioner, without a building permit, installed a nonconforming in-ground swimming pool on his property located in Bayport in the Town of Islip. The pool's rear-yard setback of 8.8 feet was in contravention of the required minimum rear-yard setback of 18 feet (*see* Code of the Town of Islip § 68-386 [D] [1]). Thereafter, on September 15, 2010, the petitioner applied for a building permit to maintain the in-ground pool. After the building permit was denied, the petitioner filed an application with the Zoning Board of Appeals of the Town of Islip (hereinafter ZBA) seeking an area variance. After a hearing, the ZBA denied the application. The petitioner then commenced this proceeding pursuant to CPLR article 78 to review the ZBA's determination. The Supreme Court held that the ZBA's determination lacked a rational basis, granted the petition, and remitted the matter to the ZBA to grant the requested variance. We reverse.

" 'Local zoning boards have broad discretion in considering applications for variances, and judicial review is limited to determining whether the action taken by the board was illegal, arbitrary, or an abuse of discretion' " (*Matter of Daneri v Zoning Bd. of Appeals of the Town of Southold*, 98 AD3d 508, 509 [2012], quoting *Matter of Matejko v Board of Zoning Appeals of Town of Brookhaven*, 77 AD3d 949, 949 [2010]; *see Matter of Celentano v Board of Zoning Appeals of Town of Brookhaven*, 63 AD3d 1156, 1157 [2009]). Therefore, a zoning board's determination should be sustained if it is not illegal, has a rational basis, and is not arbitrary and capricious (*see Matter of Sasso v Osgood*, 86 NY2d 374, 384 [1995]; *Matter of Daneri v Zoning Bd. of Appeals of the Town of Southold*, 98 AD3d at 509; *Matter of Campbell v Town of Mount Pleasant Zoning Bd. of Appeals*, 84 AD3d 1230 [2011]; *Matter of Frank v Zoning Bd. of Town of Yorktown*, 82 AD3d 764, 765 [2011]; *Matter of Celentano v Board of Zoning Appeals of Town of Brookhaven*, 63 AD3d at 1157).

In deciding whether to grant an application for an area variance, the Board "is required to engage in a balancing test that weighs the benefit to the applicant if the variance is granted against the detriment to the health, safety, and welfare of the neighborhood or community" (*Matter of Colin Realty Co., LLC v Town of N. Hempstead*, 107 AD3d 708, 710 [2013], *lv granted* 21 NY3d 864 [2013]; *see* Town Law § 267-b [3] [b]; *Matter of Daneri v Zoning Bd. of Appeals of the Town of Southold*, 98 AD3d at 509). The Board must consider whether (1) an undesirable change will be produced in the character of the neighborhood or a detriment to nearby properties will result by the granting of the area variance, (2) the benefit sought by the ap-

plicant can be achieved by some feasible method other than an area variance, (3) the requested area variance is substantial, (4) the proposed variance will adversely impact the physical or environmental conditions in the neighborhood if it is granted, and (5) the alleged difficulty was self-created (see Town Law § 267-b [3] [b]).

Here, the Zoning Board of Appeals of the Town of Islip (hereinafter the ZBA) properly applied the required balancing test and considered the relevant statutory factors. Contrary to the conclusion reached by the Supreme Court, the ZBA's determination had a rational basis and was not arbitrary and capricious. The evidence before the ZBA supported its conclusions that granting the requested variance would produce an undesirable change in the character of the neighborhood, the variance was substantial, and any hardship was self-created (see Town Law § 267-b [3] [b]). Contrary to the petitioner's contention, the ZBA's granting of two prior applications seeking, inter alia, area variances for rear-yard setbacks of in-ground swimming pools, did not constitute a precedent from which the ZBA was required to explain a departure, because the two prior applications, inter alia, involved lots that were not near the subject property and were located in different zoning districts. Thus, the petitioners failed to establish that either of the two cases in which a variance was granted bore sufficient factual similarity to the subject application so as to require an explanation from the ZBA (see Matter of Kaiser v Town of Islip Zoning Bd. of Appeals, 74 AD3d 1203, 1205 [2010]; Matter of Moore v Town of Islip Zoning Bd. of Appeals, 70 AD3d 950, 951 [2010]; Matter of Brady v Town of Islip Zoning Bd. of Appeals, 65 AD3d 1337, 1340 [2009]; Matter of Conversions for Real Estate, LLC v Zoning Bd. of Appeals of Inc. Vil. of Roslyn, 31 AD3d 635 [2006]). Accordingly, the Supreme Court improperly annulled the ZBA's determination denying the petitioner's application. Skelos, J.P., Balkin, Austin and Sgroi, JJ., concur.