■ In the Matter of Todd Kramer et al., Respondents, v Zoning Board of Appeals of Town of Southampton, Appellant. [16 NYS3d 832]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Southampton dated March 21, 2013, which, after a hearing, denied the petitioners' application for certain setback and area variances, the Zoning Board of Appeals of the Town of Southampton appeals from a judgment of the Supreme Court, Suffolk County (Martin, J.), dated April 9, 2014, which granted the petition, annulled the determination, and directed the Zoning Board of Appeals of the Town of Southampton to grant the application.

Ordered that the judgment is reversed, on the law, with costs, the petition is denied, and the proceeding is dismissed on the merits.

In 2009, the petitioners purchased property located in Bridgehampton in the Town of Southampton. In connection with an amended variance issued in 2011, the petitioners built a house on the lot, as well as a pool, deck, and trellis in the front yard. In addition, they built an accessory structure under the trellis, consisting of, among other things, a barbecue, sink, cabinets, countertop, and refrigerator. Thereafter, on December 12, 2012, the petitioners' application for a building permit was denied on the ground that the accessory structure, which served as a kitchen, was not permitted in the front yard. The petitioners subsequently filed an application with the Zoning Board of Appeals of the Town of Southampton (hereinafter the ZBA) seeking setback and area variances for the accessory structure. After a hearing, the ZBA denied the application. The petitioners then commenced this proceeding pursuant to CPLR article 78 to review the ZBA's determination. The Supreme Court determined that the ZBA's determination lacked a rational basis and was arbitrary and capricious, granted the petition, and remitted the matter to the ZBA to grant the requested variances.

" 'Local zoning boards have broad discretion in considering applications for variances, and judicial review is limited to determining whether the action taken by the board was illegal, arbitrary [and capricious], or an abuse of discretion' " (*Matter of Daneri v Zoning Bd. of Appeals of the Town of Southold*, 98 AD3d 508, 509 [2012], quoting *Matter of Matejko v Board of Zoning Appeals of Town of Brookhaven*, 77 AD3d 949, 949 [2010]; *see Matter of Celentano v Board of Zoning Appeals of Town of Brookhaven*, 63 AD3d 1156, 1157 [2009]). Thus, a zoning board's determination should be sustained if it is not illegal, is not arbitrary and capricious, and has a rational basis

(*see Matter of Blandeburgo v Zoning Bd. of Appeals of Town of Islip*, 110 AD3d 876, 877 [2013]; *Matter of Daneri v Zoning Bd. of Appeals of the Town of Southold*, 98 AD3d at 509).

In determining whether to grant an application for an area variance, a zoning board must engage in a balancing test, weighing the benefit to the applicant against the detriment to the health, safety and welfare of the neighborhood or community if the variance is granted (*see* Town Law § 267-b [3] [b]; *Matter of Daneri v Zoning Bd. of Appeals of the Town of Southold*, 98 AD3d at 509). The zoning board, in applying the balancing test, is not required to justify its determination with supporting evidence for each of the five statutory factors as long as its determination balancing the relevant considerations is rational (*see Matter of Petikas v Baranello*, 78 AD3d 713, 714 [2010]; *Matter of King v Town of Islip Zoning Bd. of Appeals*, 68 AD3d 1113, 1115 [2009]).

Here, the ZBA properly applied the required balancing test and considered the relevant statutory factors. Contrary to the conclusion reached by the Supreme Court, the ZBA's determination had a rational basis and was not arbitrary or capricious (*see Matter of Alcantara v Zoning Bd. of Appeals, Vil. of Ossining, State of N.Y.*, 64 AD3d 774, 775 [2009]; *Matter of Corigliano v Zoning Bd. of Appeals of City of New Rochelle*, 18 AD3d 750, 751 [2005]; *Matter of DeJosia v Trotta*, 11 AD3d 534 [2004]). The evidence in the record supported the ZBA's findings that granting the requested variances would produce an undesirable change in the character of the neighborhood, that the variances were substantial, that the petitioners could use a portable unit as a feasible alternative, and that any hardship was self-created (*see* Town Law § 267-b [3] [b]). Contrary to the petitioners' contention, the three prior ZBA determinations that it submitted in support of its application did not constitute precedent from which the ZBA was required to explain a departure, as the petitioners failed to establish that the applications that led to those determinations bore sufficient factual similarity to the subject application (*see Matter of Traendly v Zoning Bd. of Appeals of Town of Southold*, 127 AD3d 1218, 1219 [2015]; *Matter of Blandeburgo v Zoning Bd. of Appeals of Town of Islip*, 110 AD3d 876, 878 [2013]; *Matter of Kaiser v Town of Islip Zoning Bd. of Appeals*, 74 AD3d 1203, 1205 [2010]; *Matter of Brady v Town of Islip Zoning Bd. of Appeals*, 65 AD3d 1337, 1340 [2009]; *Matter of Conversions for Real Estate, LLC v Zoning Bd. of Appeals of Inc. Vil. of Roslyn*, 31 AD3d 635, 636 [2006]). Accordingly, the Supreme Court should not have annulled the ZBA's determination denying the

petitioners' application for setback and area variances. Rivera, J.P., Dickerson, Cohen and Barros, JJ., concur.