Matter of Gerbino v Whelan (2020 NY Slip Op 04554)





Matter of Gerbino v Whelan


2020 NY Slip Op 04554


Decided on August 19, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 19, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
LEONARD B. AUSTIN
COLLEEN D. DUFFY, JJ.


2018-01319
 (Index No. 2987/17)

[*1]In the Matter of Lisa Gerbino, et al., respondents,
v
John Whelan, etc., et al., appellants.


John Jilnicki, Town Attorney, East Hampton, NY (Devitt Spellman Barrett, LLP [John M. Denby], of counsel), for appellants.
Keane & Beane, P.C., White Plains, NY (Judson K. Siebert of counsel), for respondents.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the Town of East Hampton Zoning Board of Appeals dated May 11, 2017, which, after a hearing, denied the petitioners' application for an area variance, the Town of East Hampton Zoning Board of Appeals, by its members, appeals from a judgment of the Supreme Court, Suffolk County (Arthur G. Pitts, J.), dated November 27, 2017. The judgment granted the petition, annulled the determination, and, in effect, directed the Town of East Hampton Zoning Board of Appeals to grant the application.
ORDERED that the judgment is reversed, on the law, with costs, the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits.
The petitioners commenced this CPLR article 78 proceeding seeking to annul a determination of the Town of East Hampton Zoning Board of Appeals (hereinafter the Zoning Board) dated May 11, 2017, which, after a hearing, denied the petitioners' application for an area variance. According to the petition, the petitioners, who own a house within the Town of East Hampton, sought an area variance for an existing slate pool patio on their property. Although the Town of East Hampton Town Code requires that, for a lot the size of the petitioners' property, the pool patio must be set back at least 20 feet from the property line (see Code of the Town of East Hampton §§ 255-11-10, 255-11-89[E]), the petitioners' pool patio has only a 10.2-foot set back from
the property line.
Although the patio was constructed prior to the petitioners' purchase of the property, a Certificate of Occupancy that was issued prior to the petitioners' purchase of the property did not encompass this patio.
"Local zoning boards have broad discretion in considering applications for variances, and judicial review is limited to determining whether the action taken . . . was illegal, arbitrary, or an abuse of discretion" (Matter of Schweig v City of New Rochelle, 170 AD3d 863, 865 [internal quotation marks omitted]). A zoning board's determination should be upheld if it is not illegal, has a rational basis, and is not arbitrary or capricious (see id.; Matter of Blandeburgo v Zoning Bd. of Appeals of Town of Islip, 110 AD3d 876, 877).
In determining whether to grant an application for an area variance, a zoning board must engage in a balancing test weighing "the benefit to the applicant if the variance is granted . . . against the detriment to the health, safety and welfare of the neighborhood or community by such grant" (Town Law § 267-b[3][b]; see Matter of Colin Realty Co., LLC v Town of N. Hempstead, 24 NY3d 96, 103; Matter of Blandeburgo v Zoning Bd. of Appeals of Town of Islip, 110 AD3d at 877). A zoning board "shall also consider: (1) whether an undesirable change will be produced in the character of the neighborhood or a detriment to nearby properties will be created by the granting of the area variance; (2) whether the benefit sought by the applicant can be achieved by some method, feasible for the applicant to pursue, other than an area variance; (3) whether the requested area variance is substantial; (4) whether the proposed variance will have an adverse effect or impact on the physical or environmental conditions in the neighborhood or district; and (5) whether the alleged difficulty was self-created, which consideration shall be relevant to the decision of the board of appeals, but shall not necessarily preclude the granting of the area variance" (Town Law § 267-b[3][b]).
Here, the Supreme Court should have denied the petition and dismissed the proceeding, as the Zoning Board's determination had a rational basis in the record and was neither arbitrary nor capricious (see Matter of Kramer v Zoning Bd. of Appeals of Town of Southampton, 131 AD3d 1170, 1172; Matter of Kaiser v Town of Islip Zoning Bd. of Appeals, 74 AD3d 1203, 1204-1205). The record supports the Zoning Board's determination that the variance is substantial, that granting the variance would have a detrimental impact upon neighboring properties, that feasible alternative locations exist to situate a pool patio on the property, and that any hardship was self-created (see Matter of Kramer v Zoning Bd. of Appeals of Town of Southampton, 131 AD3d at 1172; Matter of Sacher v Village of Old Brookville, 124 AD3d 902, 904).
Accordingly, the Supreme Court should have denied the petition and dismissed the proceeding on the merits.
DILLON, J.P., BALKIN, AUSTIN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court