Matter of Humphreys v Somers Zoning Bd. of Appeals (2022 NY Slip Op 04171)

Matter of Humphreys v Somers Zoning Bd. of Appeals

2022 NY Slip Op 04171

Decided on June 29, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 29, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
SHERI S. ROMAN
LINDA CHRISTOPHER
WILLIAM G. FORD, JJ.

2019-09485
 (Index No. 52216/19)

[*1]In the Matter of T. Barlow Humphreys, et al., appellants,
v
Somers Zoning Board of Appeals, et al., respondents.

Michael V. Caruso, P.C., Bewster, NY, for appellants.
Stephens, Baroni, Reilly & Lewis, LLP, White Plains, NY (Gerald D. Reilly of counsel), for respondent Somers Zoning Board of Appeals.
Hogan & Rossi, Brewster, NY (Jamie Spillane of counsel), for respondents Kaela Choquette and David Potter.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Zoning Board of Appeals of the Town of Somers dated January 15, 2019, which granted the applications of the respondents Kaela Choquette and David Potter for special use permits and area variances, the petitioners appeal from a judgment of the Supreme Court, Westchester County (Susan Cacace, J.), dated June 24, 2019. The judgment denied the petition and dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
The respondents Kaela Choquette and David Potter (hereinafter together the applicants) own two contiguous parcels of real property located on approximately 12 acres in the Town of Somers. The parcels are located within a residential district, in which the Code of the Town of Somers (hereinafter the Town Code) permits a barn and up to two horses (see Town Code § 170-11[B][3][d]; [8]). In addition, the Town Code allows human habitation within an accessory apartment located in an accessory structure, such as a barn, built before April 1, 1992 (see id. § 170-70[B]). However, the Town Code prohibits the housing of domestic animals within any building used for human habitation (see id. § 170-69[B][2]).
In 2018, the applicants filed applications with the respondent Somers Zoning Board of Appeals (hereinafter the ZBA) seeking special exception use permits and area variances (see Town Law § 274-b[3]) in connection with a project involving the construction of a barn for six horses, as well as an accessory apartment on the second floor of the barn. After public hearings, the ZBA granted the applications. Thereafter, the petitioners, who are the owners of neighboring properties and opposed the applications, commenced this CPLR article 78 proceeding seeking to review the ZBA's determination granting the applications for special use permits and area variances. By judgment dated June 24, 2019, the Supreme Court denied the petition and dismissed the proceeding. The petitioners appeal.
"Town Law § 274-b(3) vests a ZBA with authority to grant an area variance from any requirement in a zoning regulation, including those for a special use permit" (Matter of Real Holding Corp. v Lehigh, 2 NY3d 297, 299; see Matter of Manocherian v Zoning Bd. of Appeals of the Town of New Castle, 201 AD3d 804, 805). Contrary to the petitioners' contention, the ZBA properly determined that the applicants required an area variance rather than a use variance (see generally Matter of Wambold v Village of Southampton Zoning Bd. of Appeals, 140 AD3d 891, 892; Matter of Mobil Oil Corp. v Village of Mamaroneck Bd. of Appeals, 293 AD2d 679, 679-680). The applicants were not seeking to change the essential use of the property (see Matter of Khan v Zoning Bd. of Appeals of Vil. of Irvington, 87 NY2d 344, 351; Matter of Wambold v Village of Southampton Zoning Bd. of Appeals, 140 AD3d at 892; Matter of Mobil Oil Corp. v Village of Mamaroneck Bd. of Appeals, 293 AD2d at 679-680).
In considering applications for area variances, a zoning board must engage in a balancing test, weighing the benefit to the applicant against the detriment to the health, safety, and welfare of the neighborhood or community if the area variances are granted (see Town Law § 267-b[3][b]; Matter of Capetola v Town of Riverhead, 192 AD3d 789, 790). "'In making such determination the board shall also consider: (1) whether an undesirable change will be produced in the character of the neighborhood or a detriment to nearby properties will be created by the granting of the area variance; (2) whether the benefit sought by the applicant can be achieved by some other method, feasible for the applicant to pursue, other than an area variance; (3) whether the requested area variance is substantial; (4) whether the proposed variance will have an adverse effect or impact on the physical or environmental conditions in the neighborhood or district; and (5) whether the alleged difficulty was self-created, which consideration shall be relevant to the decision of the board of appeals, but shall not necessarily preclude the granting of the area variance'"(Matter of Sasso v Osgood, 86 NY2d 374, 382, quoting Town Law § 267-b[3][b]; see Matter of 666 OCRTT, LLC v Board of Zoning Appeals of the Town of Hempstead, 200 AD3d 682, 683). "The zoning board, in applying the balancing test, is not required to justify its determination with supporting evidence for each of the five statutory factors as long as its determination balancing the relevant considerations is rational" (Matter of Kramer v Zoning Bd. of Appeals of Town of Southampton, 131 AD3d 1170, 1172).
Here, the record demonstrates that the ZBA engaged in the required balancing test and considered the relevant statutory factors (see Matter of Abramovitz v Zoning Bd. of Appeals of the Inc. Vil. of Bellport, 194 AD3d 810, 812). Contrary to the petitioners' contention, the ZBA had a rational basis for its determination that the benefit to the applicants outweighed the detriment to the health, safety, and welfare of the neighborhood or community (see id. at 812; Matter of Capetola v Town of Riverhead, 192 AD3d at 791; Matter of Kramer v Zoning Bd. of Appeals of Town of Southampton, 131 AD3d at 1172).
The parties' remaining contentions are without merit.
CONNOLLY, J.P., ROMAN, CHRISTOPHER and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court