■ In the Matter of BYRON ASSOCIATES, INC., Appellant, v ZONING BOARD OF APPEALS OF THE TOWN OF MAMARONECK, Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Mamaroneck (hereinafter the Zoning Board), dated May 28, 1986, which denied the petitioner's application for area variances, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Martin, J.), dated December 12, 1986, which dismissed the petition.

Ordered that the judgment is affirmed, with costs.

The petitioner is the contract vendee of a parcel of real property located on Byron Place in the Town of Mamaroneck in a district zoned Business "B". The petitioner seeks to erect thereon a three-story office building with off-street parking. Claiming that it was not economically feasible to develop the property in accordance with the existing zoning ordinance, the petitioner applied to the Zoning Board for the following variances: (1) an increase of maximum building coverage from 25% (Zoning Ordinance of Town of Mamaroneck [hereinafter Zoning Ordinance], art VII, § 89-41 [A] [3]) to 58%; (2) an increase of maximum floor area from 50% (Zoning Ordinance § 89-41 [c]) to 115%; (3) an increase in maximum building height from 2 stories and 30 feet (Zoning Ordinance § 89-41 [D] [1], [2]) to 3 stories and 40 feet; (4) a reduction in the number of off-street parking spaces from 195 (Zoning Ordinance § 89-41 [E]) to 141; and (5) a reduction in the size of each off-street parking space from 9 feet by 20 feet *(ibid.)* to 9 feet by 18 feet. According to the petitioner, the lack of economic feasibility of the site stemmed in part from the bedrock outcropping which accounted for approximately 20 to 30% of the property and limited the area available for building and parking.

The Zoning Board's determination that the petitioner was not entitled to variances of the requirements of the Zoning

Ordinance is supported by substantial evidence and is not illegal, arbitrary or an abuse of discretion *(see, e.g., Matter of Fuhst v Foley,* 45 NY2d 441). The petitioner failed to carry its burden of establishing that strict compliance with the zoning law would cause practical difficulties *(Matter of Fuhst v Foley, supra,* at 445; *Human Dev. Servs. v Zoning Bd. of Appeals,* 110 AD2d 135, 139, *affd* 67 NY2d 702). Denial of the variances does not deprive the petitioner of the ability to utilize the property without coming into conflict with the zoning law *(see, Matter of Fuhst v Foley, supra; Matter of Paniccia v Volker,* 133 AD2d 404, 406). The petitioner conceded that the variances sought were substantial. Moreover, the petitioner, an admittedly experienced builder and developer of commercial properties, entered into the contract of sale for the property in question with knowledge of the attendant zoning restrictions and the economic feasibility of development. Thus, any difficulty the petitioner may experience in complying with the Zoning Ordinance is self-created. Although a finding that the alleged difficulty was self-created does not in and of itself compel denial of an application for an area variance *(Matter of De Sena v Board of Zoning Appeals,* 45 NY2d 105, 108, *see, Human Dev. Servs. v Zoning Bd. of Appeals,* 67 NY2d 702, 706, *supra),* this factor is a significant element militating against the application *(see, Matter of Paniccia v Volker, supra,* at 406-407; *cf., Goshen Shopping Assocs. v Zoning Bd. of Appeals,* 112 AD2d 140).

Nor has the petitioner demonstrated that it would suffer significant economic injury should its application for variances be denied *(see, Matter of Cowan v Kern,* 41 NY2d 591, 600-601, *rearg denied* 42 NY2d 910). The petitioner claimed that any development complying with the Zoning Ordinance would operate at a loss of approximately $8,000 per year. However, the petitioner failed to consider certain factors which would offset its loss, i.e., the increasing market values of property in the area and the tax consequences of depreciation on the subject parcel. "Proof that * * * the property could be utilized more profitably if an area variance were granted, is ordinarily not sufficient to justify the issuance of a variance, irrespective of the application's seeming reasonableness" *(Human Dev. Servs. v Zoning Bd. of Appeals, supra,* at 140).

Accordingly, upon due consideration of all the factors present in the case at bar, we conclude that the Supreme Court properly dismissed the petition. Mollen, P. J., Thompson, Rubin and Sullivan, JJ., concur.