■ In the Matter of S. HOWARD PADWEE, Appellant, v ROBERT L. BRONNES et al., Respondents. [661 NYS2d 52] —In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Village of Irvington, dated November 21, 1995, which, after a hearing, denied the petitioner's application for an area variance, the appeal is from a judgment of the Supreme Court, Westchester County (Lange, J.), entered July 12, 1996, which dismissed the petition.

Ordered that the judgment is reversed, on the law, with costs, the petition is granted, the determination is annulled, and the matter is remitted to the Zoning Board of Appeals of the Village of Irvington to grant the petitioner's application for an area variance.

We agree with the petitioner that the respondent Village of Irvington Zoning Board of Appeals (hereinafter the Village)

improperly found that the petitioner's hardship was self-created. A "[h]ardship is self-created, for zoning purposes, where the applicant for a variance acquired the property subject to the restriction from which he or she seeks relief" (*Matter of Eung Lim-Kim v Zoning Bd. of Appeals*, 185 AD2d 346, 347). In the present case, the lot in question was rendered substandard by rezoning after the petitioner originally purchased the property.

Additionally, there was insufficient evidence in the record to support the finding of the Village under Village Law § 7-712-b (3) (b) (1) that granting the requested variance would produce an undesirable change in the character of the neighborhood, and virtually no evidence in the record with respect to any adverse effect or impact on the physical or environmental conditions in the neighborhood pursuant to Village Law § 7-712-b (3) (b) (4). The Village acknowledged that the benefit to the petitioner could not be achieved without a variance, and properly found that the requested variance was substantial (*see*, Village Law § 7-712-b [3] [b] [2], [3]). On this record, the denial of the requested variance was arbitrary and capricious, and was not supported by substantial evidence (*see, Matter of Fuhst v Foley*, 45 NY2d 441, 444; *Matter of Sasso v Osgood*, 86 NY2d 374, 384, n 2; *Matter of O'Hara v Zoning Bd. of Appeals*, 226 AD2d 537). Rosenblatt, J. P., Ritter, Santucci and McGinity, JJ., concur.