■ In the Matter of VETTE REALTY, INC., Appellant, v BOARD OF APPEALS OF THE VILLAGE OF VALLEY STREAM, Respondent. [856 NYS2d 873]—In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Appeals of the Village of Valley Stream dated September 20, 2005, which, after a hearing, denied the petitioner's applications for certain area variances and final site plan approval, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Lally, J.), dated April 18, 2006, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

"Courts may set aside a zoning board determination only where the record reveals that the board acted illegally or arbitrarily, or abused its discretion, or that it merely succumbed to generalized community pressure" (*Matter of Pecoraro v Board of Appeals of Town of Hempstead,* 2 NY3d 608, 613 [2004] [citations omitted]). A determination of a zoning board should be sustained on judicial review if it has a rational basis and is not arbitrary and capricious (*see Matter of Ifrah v Utschig,* 98 NY2d 304, 308 [2002]; *Matter of Sasso v Osgood,* 86 NY2d 374, 385 [1995]; *Matter of Zupa v Zoning Bd. of Appeals of Town of Southold,* 31 AD3d 570 [2006]; *Matter of Halperin v City of New Rochelle,* 24 AD3d 768, 770 [2005]).

Contrary to the petitioner's contention, the Board of Appeals of the Village of Valley Stream (hereinafter the Board) engaged in the required balancing test and considered the relevant statutory factors (*see Matter of Sasso v Osgood,* 86 NY2d at 384; Village Law § 7-712-b [3] [b]). The record indicates that the Board's determination had a rational basis and was not arbitrary and capricious (*see Matter of Pecoraro v Board of Appeals of Town of Hempstead,* 2 NY3d at 614-615; *Matter of Sasso v Osgood,* 86

NY2d 374 [1995]; *Matter of Martino v Board of Zoning Appeals of Inc. Vil. of Great Neck Plaza,* 26 AD3d 382, 383 [2006]; *Matter of Halperin v City of New Rochelle,* 24 AD3d at 770-773).

Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding. Prudenti, P.J., Fisher, Carni and McCarthy, JJ., concur.