■ In the Matter of MILLENNIUM CUSTOM HOMES, INC., Appellant, v THOMAS YOUNG et al., Respondents. [873 NYS2d 91]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Babylon dated November 30, 2006, which, after a hearing, denied the petitioner's application for area variances, the petitioner appeals from a judgment of the Supreme Court, Suf-

folk County (Kerins, J.), dated December 10, 2007, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

Local zoning boards have broad discretion in considering applications for variances, and judicial review is limited to determining whether the action taken by the board was illegal, arbitrary, or an abuse of discretion (*see Matter of Fuhst v Foley*, 45 NY2d 441, 444 [1978]). Thus, a determination of a zoning board made after a public hearing should be sustained if it has a rational basis and is supported by evidence in the record (*see Matter of Ifrah v Utschig*, 98 NY2d 304, 308 [2002]; *Matter of Ceballos v Zoning Bd. of Appeals of Town of Mount Pleasant*, 304 AD2d 575 [2003]; *Matter of Linzenberg v Summer*, 277 AD2d 316 [2000]).

In determining an application for an area variance, a zoning board must engage in a balancing test, weighing the benefit to the applicant against the detriment to the health, safety, and welfare of the neighborhood or community if the area variance is granted (*see Matter of Sasso v Osgood*, 86 NY2d 374, 384 [1995]). A zoning board must consider (1) whether the granting of the variance would result in undesirable change in the character of the neighborhood, or a detriment to neighboring properties, (2) whether the benefit sought can be achieved by some method other than an area variance, (3) whether the requested variance is substantial, (4) whether the grant of the variance will have an adverse impact upon the physical or environmental conditions in the neighborhood, and (5) whether the alleged difficulty is self-created (*see* Town Law § 267-b [3] [b]). A zoning board may not base its decision on generalized community objections (*see Matter of Twin County Recycling Corp. v Yevoli*, 90 NY2d 1000, 1002 [1997]; *Matter of 450 Sunrise Highway v Town of Oyster Bay*, 287 AD2d 714 [2001]).

Here, with respect to the issues of whether the variances would result in an undesirable change in the character of the community, or would have an adverse impact on the physical or environmental conditions in the neighborhood, the Zoning Board of Appeals of the Town of Babylon (hereinafter the ZBA) heard detailed oral statements from area residents based on personal knowledge, not mere generalized community opposition (*see Matter of Fagan v Colson*, 49 AD3d 877 [2008]). The ZBA also had before it memoranda from the Town of Babylon Planning Division and Department of Environmental Control objecting to development on a lot of this size due to area congestion, indicating that most lots in the area are larger than the subject lot, and that lots of similar size were developed before

the Zoning Code took effect. Contrary to the petitioner's contentions, the ZBA provided a rational explanation for denying the application even though it had granted variance applications in two prior instances involving facts that were only marginally similar to the instant dispute (*see Matter of Berk v McMahon*, 29 AD3d 902 [2006]; *cf. Matter of Campo Grandchildren Trust v Colson*, 39 AD3d 746 [2007]).

Furthermore, the requested variances are substantial, considering the significant deviations from the Zoning Code requirements and the cumulative effect of the multiple variances requested (*see Matter of Josato, Inc. v Wright*, 35 AD3d 470 [2006]; *Matter of Ron Rose Group v Baum*, 275 AD2d 373 [2000]; *Matter of Tetra Bldrs. v Scheyer*, 251 AD2d 589 [1998]; *cf. Matter of Buckley v Amityville Vil. Clerk*, 264 AD2d 732 [1999]; *Matter of Townwide Props. v Zoning Bd. of Appeals of Town of Huntington*, 143 AD2d 757 [1988]).

Moreover, the hardship was self-created, since the petitioner is charged with knowledge of the applicable Zoning Code and had no guarantee that the property could be developed (*see Matter of Byron Assoc. v Zoning Bd. of Appeals of Town of Mamaroneck*, 142 AD2d 643 [1988]).

Thus, the ZBA's denial of the petitioner's application has a rational basis and is supported by evidence in the record, and was properly confirmed. Rivera, J.P., Santucci, Carni and Dickerson, JJ., concur.