■ In the Matter of FRANK FOTI, Appellant, v TOWN OF EAST HAMPTON, NEW YORK, ZONING BOARD OF APPEALS, Respondent. [876 NYS2d 137]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Town of East Hampton, New York, Zoning Board of Appeals dated October 24, 2006, which, after a hearing, denied the petitioner's application for a natural resources special permit and three area variances, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Whelan, J.), dated October 5, 2007, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

"[L]ocal zoning boards have broad discretion in considering applications for area variances and the judicial function in reviewing such decisions is a limited one. Courts may set aside a zoning board determination only where the record reveals that the board acted illegally or arbitrarily, or abused its discretion, or that it merely succumbed to generalized community pressure" (*Matter of Pecoraro v Board of Appeals of Town of Hempstead,* 2 NY3d 608, 613 [2004]; *see Matter of Millennium Custom Homes, Inc. v Young,* 58 AD3d 740 [2009]). Here, the record supports a finding that the Town of East Hampton Zoning Board of Appeals (hereinafter the ZBA) considered the factors enumerated in Town Law § 267-b (3) (b) and properly weighed the benefit to the petitioner against the detriment to the health, safety, and welfare of the community if the variances were granted. Moreover, we reject the petitioner's argument that the denial of his application was irrational because it failed to adhere to the ZBA's precedent. The ZBA's explanation for denying the petitioner's application despite having granted the prior owners a permit to construct a home on the property was rational and satisfactory (*see Matter of Cowan v Kern,* 41 NY2d 591, 594-595 [1977]; *Matter of Nozzleman 60, LLC v Village of Cold Spring Zoning Bd. of Appeals,* 34 AD3d 682, 683 [2006]). Inasmuch as there is a rational basis for the ZBA's determina-

tion and evidence in the record to support it, the determination was properly confirmed (*see Matter of Millennium Custom Homes, Inc. v Young*, 58 AD3d 740 [2009]; *Matter of Gallo v Rosell*, 52 AD3d 514 [2008]). Skelos, J.P., Fisher, Santucci and Balkin, JJ., concur.