■ In the Matter of DANNY ALCANTARA, Respondent, v ZONING BOARD OF APPEALS, VILLAGE OF OSSINING, STATE OF NEW YORK, Appellant. [883 NYS2d 303]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals, Village of Ossining, State of New York, dated May 21, 2007, which, after a hearing, denied the petitioner's application for an area variance, the appeal is from a judgment of the Supreme Court, Westchester County (Cohen, J.), entered April 3, 2008, which granted the petition and remitted the matter to the Zoning Board of Appeals, Village of Ossining, State of New York, with a direction to grant the requested variance.

Ordered that the judgment is reversed, on the law, with costs, the petition is denied, the determination is confirmed, and the proceeding is dismissed on the merits.

The petitioner applied to the Zoning Board of Appeals, Village of Ossining, State of New York (hereinafter the ZBA) for an area variance for parking associated with a mixed use residential and commercial property. He stated that he intended to renovate the commercial portion of the property and convert it to a dentist's office. After a hearing, the ZBA denied the petitioner's application and the petitioner commenced this proceeding seeking to review the determination. The Supreme

Court granted the petition and remitted the matter to the ZBA with a direction to grant the requested variance. The ZBA appeals.

Courts may set aside a zoning board determination only where the record reveals that the board acted illegally or arbitrarily, or abused its discretion, or merely succumbed to generalized community pressure (*see Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d 608, 613 [2004]; *Matter of Ifrah v Utschig*, 98 NY2d 304, 308 [2002]). A determination of a zoning board should be sustained on judicial review if it has a rational basis and is not arbitrary and capricious (*see Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d at 613; *Matter of Ifrah v Utschig*, 98 NY2d at 308; *Matter of Fuhst v Foley*, 45 NY2d 441, 444 [1978]; *Matter of Vette Realty, Inc. v Board of Appeals of Vil. of Val. Stream*, 51 AD3d 938, 938 [2008]).

"In determining an application for an area variance, a zoning board must engage in a balancing test, weighing the benefit to the applicant against the detriment to the health, safety, and welfare of the neighborhood or community if the area variance is granted" (*Matter of Millennium Custom Homes, Inc. v Young*, 58 AD3d 740, 741 [2009]). A zoning board must consider (1) whether the granting of the variance would result in an undesirable change in the character of the neighborhood, or a detriment to neighboring properties, (2) whether the benefit sought can be achieved by some method other than an area variance, (3) whether the requested variance is substantial, (4) whether the grant of the variance will have an adverse impact upon the physical or environmental conditions in the neighborhood, and (5) whether the alleged difficulty is self-created (*see* Village Law § 7-712-b [3] [b]).

Here, the record demonstrates that the ZBA engaged in the required balancing test and considered the relevant statutory factors (*see Matter of FNR Home Constr. Corp. v Downs*, 57 AD3d 540, 542 [2008]; *Matter of Vette Realty, Inc. v Board of Appeals of Vil. of Val. Stream*, 51 AD3d at 938). Its determination had a rational basis and was not arbitrary and capricious. Accordingly, the Supreme Court should have denied the petition, confirmed the determination, and dismissed this proceeding on the merits.

The petitioner's remaining contention is without merit. Prudenti, P.J., Fisher, Miller and Lott, JJ., concur.