■ In the Matter of EUGENE K. FERENCIK et al., Appellants, v ZONING BOARD OF APPEALS OF TOWN OF OYSTER BAY et al., Respondents. [902 NYS2d 612]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Oyster Bay dated May 8, 2008, which, after a hearing, granted the application of Mark Campson and Margaret Campson for an area variance, the petitioners appeal from (1) a judgment of the Supreme Court, Nassau County (McCarty III, J.), dated August 19, 2008, which denied the petition and dismissed the proceeding, and (2) an order of the same court dated January 23, 2009, which granted the motion of the Zoning Board of Appeals of the Town of Oyster Bay, Mark Campson, and Margaret Campson pursuant to CPLR 3211 and 7804 (f) to dismiss the amended petition.

Ordered that the judgment and the order are affirmed, with one bill of costs to the respondent Zoning Board of Appeals of Town of Oyster Bay.

Mark Campson and Margaret Campson (hereinafter together the Campsons) applied to the Zoning Board of Appeals of the Town of Oyster Bay (hereinafter the ZBA) for an area variance permitting them to install an in-ground swimming pool in the side-front yard of their corner lot. After a hearing, the ZBA granted the Campsons' application in a determination dated May 8, 2008, and the petitioners commenced this proceeding to review the determination. In a judgment dated August 19, 2008, the Supreme Court denied the petition and dismissed the proceeding. We affirm the judgment.

"Courts may set aside a zoning board determination only where the record reveals that the board acted illegally or arbitrarily, or abused its discretion, or that it merely succumbed to generalized community pressure" (*Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d 608, 613 [2004]; *see Matter of Vette Realty, Inc. v Board of Appeals of Vil. of Val. Stream*, 51 AD3d 938, 938 [2008]). A determination of a zoning board should be sustained on judicial review if it has a rational basis and is not arbitrary and capricious (*see Matter of Ifrah v Utschig*, 98 NY2d 304, 308 [2002]; *Matter of Vette Realty, Inc. v Board of Appeals of Vil. of Val. Stream*, 51 AD3d at 938).

Contrary to the petitioners' contentions, the ZBA engaged in the required balancing test and considered the relevant statutory factors (*see Matter of Sasso v Osgood*, 86 NY2d 374, 384 [1995]; Town Law § 267-b [3] [b]). The record reveals that the ZBA's determination had a rational basis and was not arbitrary and capricious (*see Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d 608 [2004]; *Matter of Sasso v Osgood*, 86 NY2d 374 [1995]; *Matter of Vette Realty, Inc. v Board of Appeals of Vil. of Val. Stream*, 51 AD3d 938 [2008]).

Furthermore, the Supreme Court properly dismissed the amended petition, which was served and filed after the entry of the judgment, inter alia, denying the original petition, simply reiterated the allegations made in the original petition (*see Mayer v Miller*, 246 App Div 541 [1935]), and did not contain any new information that was not readily available to the petitioners prior to the issuance of the judgment. Rivera, J.P., Florio, Miller and Austin, JJ., concur.