■ In the Matter of NICK PETIKAS, Appellants, v PATRICIA A. BARANELLO, Chairwoman, Zoning Board of Appeals of the Town of Oyster Bay, et al., Respondents. [910 NYS2d 515]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Oyster Bay, dated January 24, 2008, which, after a hearing, denied the petitioners' application for area variances, the petitioners appeal from a judgment of the Supreme Court, Nassau County (Brandveen, J.), entered December 15, 2008, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner VS Brothers, LLC, the owner of the real property at issue, and its authorized agent, the petitioner Nick Petikas, commenced this proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Oyster Bay (hereinafter the Board), which denied their application for certain area variances. The petitioners

needed the area variances in order to subdivide the property to construct three single-family dwellings, one on each of three lots. Each lot would have a 50-foot width, but the relevant zoning code required each lot to be 70 feet in width. The Supreme Court denied the petition and dismissed the proceeding. We affirm.

When considering an application for an area variance, a town zoning board must engage in a balancing test, weighing the benefit to the applicant if the variance is granted against the detriment to the health, safety, and welfare of the neighborhood or community (*see* Town Law § 267-b [3] [b]; *Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d 608, 612 [2004]). The zoning board must also consider whether: (1) granting the variance will create an undesirable change in the character of the neighborhood or a detriment to nearby properties; (2) the benefit sought by the applicant can be achieved by some other method; (3) the requested variance is substantial; (4) the proposed variance will have an adverse effect or impact on the physical or environmental conditions in the neighborhood or district; and (5) the alleged difficulty was self-created (*see* Town Law § 267-b [3] [b]; *Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d at 613).

A local zoning board has broad discretion in considering variance applications, and judicial review is limited to ascertaining whether the action taken by the zoning board was illegal, arbitrary and capricious, or an abuse of discretion (*see Matter of Ifrah v Utschig*, 98 NY2d 304, 308 [2002]). In applying the balancing test set forth in Town Law § 267-b (3) (b), a zoning board need not justify its determination with supporting evidence with respect to each of the five statutory factors as long as its ultimate determination balancing the relevant considerations is rational (*see Matter of King v Town of Islip Zoning Bd. of Appeals*, 68 AD3d 1113, 1115 [2009]).

Here, the Board rationally determined that the variances were substantial and would have a negative impact on the character of the neighborhood since the majority of properties in the area conformed to the zoning requirements. In addition, the Board rationally determined that the petitioners could still make a profit by building two homes on the property, thereby obviating the need for the variances in order to build three homes on three substandard lots. Based upon the record, and balancing the relevant factors, the Board rationally concluded that the detriment the proposed variances posed to the neighborhood outweighed the benefit sought by the petitioners and its determination was not arbitrary and capricious (*see*

*Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d 608 [2004]; *Matter of Caspian Realty, Inc. v Zoning Bd. of Appeals of Town of Greenburgh*, 68 AD3d 62 [2009]; *Matter of London v Zoning Bd. of Appeals of Town of Huntington*, 49 AD3d 739 [2008]; *Matter of Allstate Props., LLC v Board of Zoning Appeals of Vil. of Hempstead*, 49 AD3d 636 [2008]). Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding. Mastro, J.P., Dickerson, Lott and Roman, JJ., concur.