██ In the Matter of Henry Traendly et al., Respondents, v Zoning Board of Appeals of Town of Southold, Appellant. [7 NYS3d 544]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Southold dated July 29, 2010, which, after a hearing, denied the petitioners' application for area and lot-width variances, the Zoning Board of Appeals of the Town of Southold appeals from a judgment of the Supreme Court, Suffolk County (Whelan, J.), dated March 29, 2013, which granted the petition, annulled the determination, and directed the Zoning Board of Appeals of the Town of Southold to grant the application.

Ordered that the judgment is reversed, on the law, with costs, the petition is denied, and the proceeding is dismissed on the merits.

" 'Local zoning boards have broad discretion in considering applications for variances, and judicial review is limited to determining whether the action taken by the board was illegal, arbitrary, or an abuse of discretion' " (*Matter of Daneri v Zoning Bd. of Appeals of the Town of Southold*, 98 AD3d 508, 509 [2012], quoting *Matter of Matejko v Board of Zoning Appeals of Town of Brookhaven*, 77 AD3d 949, 949 [2010]; *see Matter of Celentano v Board of Zoning Appeals of Town of Brookhaven*, 63 AD3d 1156, 1157 [2009]). Thus, a zoning board's determination should be sustained on judicial review if it has a rational basis and is supported by evidence in the record (*Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d 608, 613 [2004]; *see Matter of Daneri v Zoning Bd. of Appeals of the Town of Southold*, 98 AD3d at 509).

In determining whether to grant an application for an area variance, a zoning board must engage in a balancing test, weighing the benefit to the applicant against the detriment to the health, safety, and welfare of the neighborhood or community if the variance is granted (*see* Town Law § 267-b [3] [b]; *Matter of Daneri v Zoning Bd. of Appeals of the Town of Southold*, 98 AD3d at 509). The zoning board, in applying the

balancing test, is not required to justify its determination with supporting evidence for each of the five statutory factors, as long as its determination balancing the relevant considerations is rational (*see Matter of Petikas v Baranello*, 78 AD3d 713, 714 [2010]; *Matter of King v Town of Islip Zoning Bd. of Appeals*, 68 AD3d 1113, 1115 [2009]).

Here, the denial by the Zoning Board of Appeals of the Town of Southold (hereinafter the ZBA) of the petitioners' application for area and lot-width variances to build a single-family dwelling had a rational basis and was supported by evidence in the record (*see Matter of Kearney v Village of Cold Spring Zoning Bd. of Appeals*, 83 AD3d 711, 714 [2011]; *Matter of Alcantara v Zoning Bd. of Appeals, Vil. of Ossining, State of N.Y.*, 64 AD3d 774, 775 [2009]; *Matter of Corigliano v Zoning Bd. of Appeals of City of New Rochelle*, 18 AD3d 750, 751 [2005]; *Matter of Milburn Homes v Trotta*, 7 AD3d 531, 531-532 [2004]). The granting of the variances would have resulted in the creation of the most nonconforming lot in a unique neighborhood (*see Matter of Milburn Homes v Trotta*, 7 AD3d at 531; *cf. Matter of Bull Run Props., LLC v Town of Cornwall Zoning Bd. of Appeals*, 50 AD3d 683, 685 [2008]), the requested variances were substantial (*see Matter of Bull Run Props., LLC v Town of Cornwall Zoning Bd. of Appeals*, 50 AD3d at 685; *Matter of Cortland LLC v Zoning Bd. of Appeals of Vil. of Roslyn Estates*, 21 AD3d 371, 372 [2005]; *Matter of McGlasson Realty v Town of Patterson Bd. of Appeals*, 234 AD2d 462, 463 [1996]), and the hardship was self-created (*see Matter of Padwee v Bronnes*, 242 AD2d 334, 335 [1997]). Contrary to the petitioners' contention, the ZBA's granting of a particular prior application for an area variance did not constitute a precedent from which the ZBA was required to explain a departure, as the petitioners failed to establish that the prior application bore sufficient factual similarity to the subject application (*see Matter of Blandeburgo v Zoning Bd. of Appeals of Town of Islip*, 110 AD3d 876, 878 [2013]; *Matter of Kaiser v Town of Islip Zoning Bd. of Appeals*, 74 AD3d 1203, 1205 [2010]; *Matter of Brady v Town of Islip Zoning Bd. of Appeals*, 65 AD3d 1337, 1340 [2009]; *Matter of Conversions for Real Estate, LLC v Zoning Bd. of Appeals of Inc. Vil. of Roslyn*, 31 AD3d 635 [2006]).

The petitioners' remaining contention is without merit.

Accordingly, the Supreme Court should not have disturbed the ZBA's determination denying the petitioners' application for area and lot-width variances. Rivera, J.P., Roman, Sgroi and Duffy, JJ., concur.