■ In the Matter of MICHAEL T. TOWERS, Petitioner, v DAVID P. WEISS, Chairman, et al., Respondents. [14 NYS3d 918]—Proceeding pursuant to CPLR article 78 to review a determination of the Town of Hempstead Board of Appeals dated February 27, 2013, which, after a hearing, granted the applications of Andrew J. Mihalick, Kathleen M. Mihalick, Robert Douglas, and Kristin Elizabeth Kelsch for certain area variances.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

The Supreme Court should have disposed of this proceeding

on the merits instead of transferring it to this Court pursuant to CPLR 7804 (g) (*see Matter of Matejko v Board of Zoning Appeals of Town of Brookhaven*, 77 AD3d 949, 949 [2010]; *Matter of Halperin v City of New Rochelle*, 24 AD3d 768, 769 [2005]). Nevertheless, we will decide the case on the merits in the interest of judicial economy (*see Matter of Halperin v City of New Rochelle*, 24 AD3d at 772-773; *Matter of Country Glen Assoc. v Newburger*, 305 AD2d 594, 595 [2003]).

The determination of the Town of Hempstead Board of Appeals (hereinafter the Board) to grant applications for certain area variances was rational. "Local zoning boards have broad discretion in considering applications for variances, and judicial review is limited to determining whether the action taken by the board was illegal, arbitrary or an abuse of discretion" (*Matter of Ifrah v Utschig*, 98 NY2d 304, 308 [2002]; *see Matter of Matejko v Board of Zoning Appeals of Town of Brookhaven*, 77 AD3d 949, 949 [2010]). "[A] zoning board's determination should be sustained on judicial review if it has a rational basis and is supported by evidence in the record" (*Matter of Traendly v Zoning Bd. of Appeals of Town of Southold*, 127 AD3d 1218, 1218 [2015]). The transcript of the public hearing conducted by the Board on January 30, 2013, and the Board's findings of fact and conclusions of law dated April 24, 2013, show that the Board properly performed the required balancing test (*see* Town Law § 267-b [3] [b]). The Board's determination to grant the subject area variances had a rational basis and was supported by evidence in the record (*see Matter of Ifrah v Utschig*, 98 NY2d at 308; *Matter of Matejko v Board of Zoning Appeals of Town of Brookhaven*, 77 AD3d at 949) and, thus, was neither illegal, arbitrary, nor an abuse of discretion. Rivera, J.P., Dickerson, Miller and Duffy, JJ., concur.