■ In the Matter of ANNAMARIE FORTUNATO et al., Appellants, v TOWN OF HEMPSTEAD BOARD OF APPEALS, Respondent. [21 NYS3d 322]—

In a proceeding pursuant to CPLR article 78 to review two determinations of the Town of Hempstead Board of Appeals, both dated July 10, 2013, which, after a hearing, denied the petitioners' applications for area variances, the petitioners appeal from a judgment of the Supreme Court, Nassau County (Woodard, J.), dated December 3, 2013, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

"Local zoning boards have broad discretion in considering applications for variances, and judicial review is limited to determining whether the action taken by the board was illegal, arbitrary or an abuse of discretion" (*Matter of Ifrah v Utschig*, 98 NY2d 304, 308 [2002]; *see Matter of Towers v Weiss*, 131 AD3d 621, 622 [2015]; *Matter of Borrok v Town of Southampton*, 130 AD3d 1024 [2015]). Thus, "[a] zoning board's determination should be sustained on judicial review if it has a rational basis and is supported by evidence in the record" (*Matter of Towers v Weiss*, 131 AD3d at 622 [internal quotation marks omitted]; *see Matter of Patrick v Zoning Bd. of Appeals of Vil. of Russell Gardens*, 130 AD3d 741 [2015]; *Matter of Traendly v Zoning Bd. of Appeals of Town of Southold*, 127 AD3d 1218 [2015]).

In determining whether to grant an application for an area variance, a zoning board is required to engage in a balancing test, weighing the benefit to the applicant against the detriment to the health, safety, and welfare of the neighborhood or community if the variance is granted (*see* Town Law § 267-b [3] [b]).

Here, the Town of Hempstead Board of Appeals (hereinafter the Board) performed the requisite balancing test (*see* Town Law § 267-b [3] [b]), and its conclusion that the detriment to the surrounding neighborhood posed by granting the requested variances outweighed the benefit to the petitioners had a rational basis and was supported by the record. In particular, the Board rationally found that granting the variances would produce an undesirable change in the character of the neighborhood (*see Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d 608, 615 [2004]; *Matter of Sacher v Village of Old Brookville*, 124 AD3d 902, 904 [2015]; *Matter of Kearney*

*v Village of Cold Spring Zoning Bd. of Appeals,* 83 AD3d 711, 714 [2011]; *Matter of Roberts v Wright,* 70 AD3d 1041, 1043 [2010]).

The petitioners contend that the Board's determinations were arbitrary and capricious because the Board had previously granted variances involving essentially the same facts and failed to adequately explain its reasons for reaching a different result in their case. Contrary to this contention, to the extent that the allegedly similar applications identified by the petitioners actually involved similar facts, the Board provided a rational explanation for reaching a different result here (*see Matter of Hurley v Zoning Bd. of Appeals of Vil. of Amityville,* 69 AD3d 940, 942 [2010]; *Matter of Olson v Scheyer,* 67 AD3d 914, 915 [2009]; *Matter of Waidler v Young,* 63 AD3d 953, 954 [2009]). As to the remaining allegedly similar applications, the petitioners failed to show that they constituted precedent from which the Board was required to explain a departure (*see Matter of Davydov v Mammina,* 97 AD3d 678, 679-680 [2012]; *Matter of Matejko v Board of Zoning Appeals of Town of Brookhaven,* 77 AD3d 949, 950-951 [2010]; *Matter of Monroe Beach, Inc. v Zoning Bd. of Appeals of City of Long Beach, N.Y.,* 71 AD3d 1150, 1151 [2010]; *cf. Knight v Amelkin,* 68 NY2d 975, 977-978 [1986]).

Accordingly, the Supreme Court properly denied the CPLR article 78 petition and dismissed the proceeding. Balkin, J.P., Austin, Miller and Hinds-Radix, JJ., concur.