■ In the Matter of KRISTEN LATUGA et al., Appellants, v ADRIENNE GIANNADEO, Chairperson, Board of Zoning Appeals of the Town of Smithtown, et al., Respondents. [31 NYS3d 206]—

In a proceeding pursuant to CPLR article 78 to review so much of a determination of the Board of Zoning Appeals of the Town of Smithtown dated February 26, 2014, as, after a hearing, denied, in part, the petitioners' application for area variances, the petitioners appeal from a judgment of the Supreme Court, Suffolk County (Pastoressa, J.), dated October 10, 2014, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioners sought several area variances from the Board of Zoning Appeals of the Town of Smithtown (hereinafter the Board), including variances to: (1) increase the square footage of an existing barn in their rear yard from 750 square feet to 1,258 square feet, (2) reduce the minimum setback in their side yard from 16 feet to 8 feet to accomodate an existing 300-square-foot barn, and (3) reduce the minimum paddock setbacks in their side yards from 16 feet to two feet on the west side and from 16 feet to five feet on the east side.

The Board granted the variance to increase the size of an existing barn from 750 square feet to 1,258 square feet with the condition that the barn be moved so that it was 36 feet from the petitioners' rear property line and that a vegetative buffer be planted between the barn and their rear property line. The Board denied the variance to reduce the minimum side yard from 16 feet to eight feet to accommodate an existing 300-square-foot barn. The Board allowed a variance of the side yard paddock setback to 10 feet on both sides rather than the requested setbacks of two feet on the west side and five feet on the east side.

With respect to its determinations regarding variance requests for the existing 1,258- and 300-square-foot barns, the Board did not act "illegally or arbitrarily," abuse its discretion, or succumb "to generalized community pressure" (*Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d 608, 613 [2004]). The Board's decisions on these variance requests were based on an "objective factual basis" and not "general community opposition" (*Matter of Halperin v City of New Rochelle*, 24 AD3d 768, 772 [2005]).

Contrary to the petitioners' contention, the Board's granting of a certain prior application for area variances did not constitute a precedent from which the Board was required to explain a departure. The petitioners failed to establish that the case bore sufficient factual similarity to the subject application so as to require an explanation from the Board (*see Matter of Kaiser v Town of Islip Zoning Bd. of Appeals*, 74 AD3d 1203, 1205 [2010]; *Matter of Brady v Town of Islip Zoning Bd. of Appeals*, 65 AD3d 1337, 1340 [2009]).

The Board found that the difficulty with respect to the paddock fencing was self-created, as the petitioners built the structures in question without first obtaining building permits. Contrary to the petitioners' contention, that finding was not arbitrary and capricious (*see Matter of Becvar v Scheyer*, 250 AD2d 842, 843 [1998]).

The petitioners' remaining contention is improperly raised for the first time on appeal. Dillon, J.P., Cohen, Miller and Barros, JJ., concur.