Matter of Schwartz v LaRocca (2018 NY Slip Op 08663)





Matter of Schwartz v LaRocca


2018 NY Slip Op 08663


Decided on December 19, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
ANGELA G. IANNACCI, JJ.


2016-05831
 (Index No. 10105/15)

[*1]In the Matter of Ronald J. Schwartz, etc., appellant,
v
Lisa LaRocca, et al., respondents.


The Law Office of Ronald J. Schwartz, P.C., Bellerose, NY, for appellant.
Chase, Rathkopf & Chase, LLP, Glen Cove, NY (Daren A. Rathkopf of counsel), for respondents.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review so much of a determination of the Board of Zoning Appeals of the Village of Old Brookville dated October 28, 2015, as, after a hearing, denied, in part, the petitioner's application for area variances, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Denise L. Sher, J.), entered April 15, 2016. The judgment denied the petition and, in effect, dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
The petitioner is the owner of residential property located in the Village of Old Brookville. In 2011, the petitioner applied for a building permit to legalize 12 nonconforming structures located on the property. The Village's building inspector denied the application because the structures violated the Village Code's front-yard and side-yard setback rules. In March 2012, the petitioner filed an application for area variances with the Board of Zoning Appeals of the Village of Old Brookville (hereinafter the Board). After a hearing, the Board issued a short-form decision granting area variances for eight of the structures, including a brick patio with trellis, a one-story brick shed, and a second-story balcony. The Board denied area variances for a brick patio, one of two wood platforms, an open gazebo, and an enclosed gazebo. On October 28, 2015, the Board issued a written long-form decision setting forth the specific findings upon which it based its determination. The petitioner subsequently commenced this CPLR article 78 proceeding, contending that the Board's determination to deny, in part, his application for area variances lacked a rational basis, and was arbitrary and capricious. The Supreme Court denied the petition and, in effect, dismissed the proceeding. The petitioner appeals.
Local zoning boards have broad discretion in considering applications for area variances, and judicial review is limited to determining whether the action taken by the board was illegal, arbitrary, or an abuse of discretion (see Matter of Ifrah v Utschig, 98 NY2d 304, 308; Matter of Caspian Realty, Inc. v Zoning Bd. of Appeals of Town of Greenburgh, 68 AD3d 62, 67). Where, as here, a zoning board's determination is made after a public hearing, its determination should be upheld if it has a rational basis and is supported by evidence in the record (see Matter of Pecoraro v Board of Appeals of Town of Hempstead, 2 NY3d 608, 613; Matter of Sasso v Osgood, 86 NY2d 374, 384 n 2).
In determining whether to grant an application for an area variance, a zoning board must engage in a balancing test weighing the benefit to the applicant against the detriment to the health, safety, and welfare of the neighborhood or community (see Village Law § 7-712-b[3][b]; Matter of Conway v Van Loan, 152 AD3d 768, 769). In making that determination, the zoning board must consider "(1) whether an undesirable change will be produced in the character of the neighborhood or a detriment to nearby properties will be created by the granting of the area variance; (2) whether the benefit sought by the applicant can be achieved by some method, feasible for the applicant to pursue, other than an area variance; (3) whether the requested area variance is substantial; (4) whether the proposed variance will have an adverse effect or impact on the physical or environmental conditions in the neighborhood or district; and (5) whether the alleged difficulty was self-created; which consideration shall be relevant to the decision of the board of appeals, but shall not necessarily preclude the granting of the area variance" (Village Law § 7-712-b[3][b]; see Matter of Colin Realty Co., LLC v Town of N. Hempstead, 24 NY3d 96, 103; Matter of Wambold v Village of Southampton Zoning Bd. of Appeals, 140 AD3d 891, 892-893). "The zoning board, in applying the balancing test, is not required to justify its determination with supporting evidence for each of the five statutory factors, as long as its determination balancing the relevant considerations is rational" (Matter of Traendly v Zoning Bd. of Appeals of Town of Southold, 127 AD3d 1218, 1218-1219; see Matter of Merlotto v Town of Patterson Zoning Bd. of Appeals, 43 AD3d 926, 929).
Here, the Board's determination to deny area variances for the four structures that required significant deviations from the zoning law had a rational basis and was supported by evidence in the record (see Matter of Traendly v Zoning Bd. of Appeals of Town of Southold, 127 AD3d at 1219). Although the petitioner's expert testified that the requested variances would not adversely affect property values, the evidence before the Board and the Board's visual inspection of the property supported the conclusion that granting the subject variances would be a detriment to nearby properties and produce an undesirable change in the character of the neighborhood (see id.; Matter of Sacher v Village of Old Brookville, 124 AD3d 902, 904; Matter of Milburn Homes v Trotta, 7 AD3d 531, 531-532). Contrary to the petitioner's contention, the Board's decision was based on an "objective factual basis" and not "subjective considerations such as general community opposition" (Matter of Halperin v City of New Rochelle, 24 AD3d 768, 772; see Matter of Ramapo Pinnacle Props., LLC v Village of Airmont Planning Bd., 145 AD3d 729, 730-731; Matter of Latuga v Giannadeo, 140 AD3d 771, 772; Matter of Millennium Custom Homes, Inc. v Young, 58 AD3d 740, 741). Additionally, the Board rationally concluded that the requested variances were substantial in nature and that the petitioner had a feasible alternative to increasing his livable space that did not require such variances (see Matter of Millennium Custom Homes, Inc. v Young, 58 AD3d at 742; Matter of Bull Run Props., LLC v Town of Cornwall Zoning Bd. of Appeals, 50 AD3d 683, 685; Matter of Cortland LLC v Zoning Bd. of Appeals of Vil. of Roslyn Estates, 21 AD3d 371, 372). The Board also rationally concluded that the detriment to the neighborhood outweighed the benefit to the petitioner of maintaining the enclosed gazebo in the front yard. Likewise, the petitioner's hardship was self-created in that he built or reconstructed most of the structures on the property, including the enclosed gazebo, without obtaining a building permit (see Matter of Latuga v Giannadeo, 140 AD3d at 772; Matter of Sacher v Village of Old Brookville, 124 AD3d at 904; Matter of Switzgable v Board of Zoning Appeals of the Town of Brookhaven, 78 AD3d 842, 844-845; Matter of Becvar v Scheyer, 250 AD2d 842, 843).
Accordingly, we agree with the Supreme Court's determination to deny the petition and, in effect, dismiss the proceeding.
CHAMBERS, J.P., AUSTIN, ROMAN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court