Matter of Teixeira v DeChance (2020 NY Slip Op 05051)





Matter of Teixeira v DeChance


2020 NY Slip Op 05051


Decided on September 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2017-12300
 (Index No. 3007/17)

[*1]In the Matter of Manuel Teixeira, appellant,
v
Paul M. DeChance, etc., et al., respondents.


Scheyer & Stern, LLC, Necconset, NY (Fredrick P. Stern and Patricia Stern of counsel), for appellant.
Annette Eaderesto, Town Attorney, Farmingdale, NY (John W. Doyle of counsel), for respondents.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Brookhaven dated May 17, 2017, which, after a hearing, denied the petitioner's application for an area variance to divide a parcel of land into two separate lots, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Joseph C. Pastoressa, J.), dated October 10, 2017. The judgment denied the petition and dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
The petitioner owns separate tax lots in the Town of Brookhaven which share a rear boundary and abut two parallel streets. Pursuant to the Code of the Town of Brookhaven, the lots have merged (see Code of the Town of Brookhaven §§ 85-1[B]; 85-883[D][4]). The petitioner applied to the Town, inter alia, for an area variance to divide the subject property into two separate lots. The petitioner contends that he is entitled to the area variance because the property consists of two tax lots that had previously been single and separate. After a hearing, in a determination dated May 17, 2017, the Town's Zoning Board of Appeals (hereinafter the ZBA) denied the application, concluding that the property consists of merged tax lots.
The petitioner commenced this proceeding pursuant to CPLR article 78 to review the ZBA's determination. In a judgment dated October 10, 2017, the Supreme Court denied the petition and dismissed the proceeding. The petitioner appeals.
We agree with the Supreme Court's determination to deny the petition and dismiss the proceeding. "Local zoning boards have broad discretion in considering applications for variances, and judicial review is limited to determining whether the action taken by the board was illegal, arbitrary, or an abuse of discretion" (Matter of Traendly v Zoning Bd. of Appeals of Town of Southold, 127 AD3d 1218, 1218 [internal quotation marks omitted]; see Matter of Pecoraro v Board of Appeals of Town of Hempstead, 2 NY3d 608, 612). Thus, a zoning board's determination should be sustained on judicial review if it has a rational basis and is supported by evidence in the record (see Matter of Pecoraro v Board of Appeals of Town of Hempstead, 2 NY3d at 613; Matter of Traendly v Zoning Bd. of Appeals of Town of Southold, 127 AD3d at 1218).
Separate parcels of land in common ownership which have frontage on parallel streets and a common rear boundary are deemed not to have merged where it is shown that, during the period of common ownership, the parcels were never used in conjunction with one another and neither parcel materially enhanced the value or utility of the other (see Matter of Matherson v Scheyer, 20 AD3d 425, 427-428).
Here, the petitioner contends that the tax lots, which share a common rear boundary and abut two parallel streets, constitute a "back-to-back split" configuration and are single and separate. However, contrary to the petitioner's contention, there is evidence in the record that the two tax lots have merged (see Matter of Harn Food, LLC v DeChance, 159 AD3d 819, 820). The evidence before the ZBA established that the properties previously shared a fence, sheds, and a playset. As the Code of the Town of Brookhaven does not consider such adjoining lots as single and separate (see Code of the Town of Brookhaven § 85-1[B]), the ZBA rationally determined that the two lots have merged (see Matter of Harn Food, LLC v DeChance, 159 AD3d at 820; Matter of Sakrel, Ltd. v Roth, 176 AD2d 732; cf. Matter of Berko v Kern, 215 AD2d 476; Matter of Cicenia v Zoning Bd. of Appeals of Town of Brookhaven, 157 AD2d 722). Accordingly, the property must comply with the lot area requirements provided for in the Code of the Town of Brookhaven (see Code of the Town of Brookhaven § 85-2[C][1]).
In considering an application for area variances, Town Law § 267-b(3)(b) requires a zoning board to engage in a balancing test, weighing the benefit to the petitioner against the detriment to the health, safety, and welfare of the neighborhood or community if the area variances are granted (see Matter of Sasso v Osgood, 86 NY2d 374, 384). In particular, a zoning board must consider: "'(1) whether an undesirable change will be produced in the character of the neighborhood or a detriment to nearby properties will be created by the granting of the area variance; (2) whether the benefit sought by the applicant can be achieved by some . . . method, feasible for the applicant to pursue, other than an area variance; (3) whether the requested area variance is substantial; (4) whether the proposed variance will have an adverse effect or impact on the physical or environmental conditions in the neighborhood or district; and (5) whether the alleged difficulty was self-created, which consideration shall be relevant to the decision of the board of appeals, but shall not necessarily preclude the granting of the area variance'" (id. at 382, quoting Town Law § 267-b[3][b]; see Matter of Harn Food, LLC v DeChance, 159 AD3d at 820). . The zoning board, in applying the balancing test, is not required to justify its determination with supporting evidence for each of the five statutory factors, as long as its determination balancing the relevant considerations is rational (see Matter of Traendly v Zoning Bd. of Appeals of Town of Southold, 127 AD3d at 1218-1219; Matter of Merlotto v Town of Patterson Zoning Bd. of Appeals, 43 AD3d 926, 929).
Here, there was evidence adduced at the hearing that the proposal does not conform to the surrounding development pattern, in that only 19% of the lots in the applicable radial area would conform to the lot area and lot frontage requested in the application. Additionally, the requested variances are substantial deviations from the present zoning requirements. Thus, contrary to the petitioner's contentions, the findings of the ZBA were based on objective facts appearing in the record (see Matter of Halperin v City of New Rochelle, 24 AD3d 768, 773).
The ZBA properly weighed the appropriate factors and concluded that the detriment to the health, safety, and welfare of the neighborhood outweighed the benefit to the petitioner in granting the requested relief (see Matter of Sasso v Osgood, 86 NY2d at 384). As the ZBA's determination was not illegal, arbitrary and capricious, or an abuse of discretion, it should be upheld (see Matter of Fuhst v Foley, 45 NY2d 441, 444; Matter of Harn Food, LLC v DeChance, 159 AD3d at 821).
MASTRO, J.P., MALTESE, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court