Matter of Duke v Brosnan (2022 NY Slip Op 03513)





Matter of Duke v Brosnan


2022 NY Slip Op 03513


Decided on June 1, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 1, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
JOSEPH J. MALTESE
LARA J. GENOVESI, JJ.


2019-08667
 (Index No. 4128/18)

[*1]In the Matter of William M. Duke, et al., appellants,
v
Mark Brosnan, etc., et al., respondents.


Messina Perillo Hill, LLP, Sayville, NY (Timothy F. Hill of counsel), for appellants.
Egan & Golden, LLP, Patchogue, NY (Christopher A. Bianco of counsel), for respondents.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the Incorporated Village of Port Jefferson Zoning Board of Appeals dated June 29, 2018, which, after a hearing, denied the petitioners' application for an on-site parking area variance, the petitioners appeal from a judgment of the Supreme Court, Suffolk County (William G. Ford, J.), dated June 10, 2019. The judgment denied the petition and dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
The petitioners own a parcel of real property in the Village of Port Jefferson which is located in the Village's "Residential Office" zoning district. In 2017, the petitioners sought conditional use approval to use the building on the property as a law office, and applied for, inter alia, an on-site parking area variance which requested approval to provide only two on-site parking spaces instead of the five spaces required by the Village Code. After a hearing, in a determination dated June 29, 2018, the Village of Port Jefferson Zoning Board of Appeals (hereinafter the ZBA) approved all the requested variances except the on-site parking area variance. The petitioners commenced this proceeding to review that portion of the ZBA's determination which denied the
request for an on-site parking variance. The Supreme Court denied the petition and dismissed the proceeding, and the petitioners appeal.
"Local zoning boards have broad discretion in considering applications for variances, and judicial review is limited to determining whether the action taken by the board was illegal, arbitrary, or an abuse of discretion" (Matter of Teixeira v DeChance, 186 AD3d 1521, 1521-1522 [internal quotation marks omitted]; see Matter of Harn Food, LLC v DeChance, 159 AD3d 819). Thus, a determination of a zoning board should be sustained on judicial review if it has a rational basis and is supported by evidence in the record (see Matter of Teixeira v DeChance, 186 AD3d at 1522; Matter of Pecoraro v Board of Appeals of Town of Hempstead, 2 NY3d 608). A determination is rational if it has some objective factual basis (see Matter of Halperin v City of New Rochelle, 24 AD3d 768, 772).
Where supporting evidence exists, a court may not substitute its own judgment for that of a zoning board, even if a contrary determination is itself supported by the record (see Matter of Retail Prop. Trust v Board of Zoning Appeals of Town of Hempstead, 98 NY2d 190, 196). A court may not reject a choice made by a zoning board where the evidence is conflicting and room for choice exists (see Matter of Toys "R" Us v Silva, 89 NY2d 411, 423). On the other hand, a determination will not be deemed rational if it rests entirely on subjective considerations, such as general community opposition, and is conclusory and without objective factual basis (see Matter of Marina's Edge Owner's Corp. v City of New Rochelle Zoning Bd. of Appeals, 129 AD3d 841).
In determining whether to grant an application for an area variance, a village zoning board must engage in the balancing test as set forth in Village Law § 7-712-b(3), weighing the benefit to the applicant against the detriment to the health, safety, and welfare of the neighborhood (see Matter of Pecoraro v Board of Appeals of Town of Hempstead, 2 NY3d at 612; Matter of Affordable Homes of Long Is., LLC v Monteverde, 128 AD3d 1060). To that end, the zoning board must consider the statutory factors contained in Village Law § 7-712-b(3)(b): "(1) whether an undesirable change will be produced in the character of the neighborhood or a detriment to nearby properties will be created by the granting of the area variance; (2) whether the benefit sought by the applicant can be achieved by some method, feasible for the applicant to pursue, other than an area variance; (3) whether the requested area variance is substantial; (4) whether the proposed variance will have an adverse effect or impact on the physical or environmental conditions in the neighborhood or district; and (5) whether the alleged difficulty was self-created; which consideration shall be relevant to the decision of the board of appeals, but shall not necessarily preclude the granting of the area variance."
Here, contrary to the petitioners' contention, the ZBA weighed the relevant statutory factors and its determination was rational, and not arbitrary or capricious. The ZBA rationally found the requested variance to be substantial and the difficulty to be self-created, since the petitioners were aware of the zoning laws when they purchased the subject property. Further, the ZBA's finding that the requested variance would have an adverse impact on the neighborhood and the character of the community in that it would create a demand for additional parking has some objective basis in the record. Moreover, the benefit sought can be achieved by another feasible method.
Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding.
DILLON, J.P., DUFFY, MALTESE and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court